IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BAIRFIELD,

        Plaintiff,                      No. CIV S-06-2604 WBS DAD P

    vs.

CRIMINAL RESPONSE TEAM, et al.,

        Defendants.               FINDINGS & RECOMMENDATIONS

/

        Plaintiff, an inmate at the Solano County Jail, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was initially identified as one of five plaintiffs in Perry v. Criminal Response Team, CIV S-06-2070 WBS DAD P. On November 20, 2006, the court ordered that the claims of the plaintiffs in that action be severed and each plaintiff was ordered to proceed in his own action, to file an amended complaint, and to either pay the filing fee or an application requesting leave to proceed in forma pauperis. Before the court is plaintiff Bairfield's amended complaint and in forma pauperis application.

        The court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff contends that on October 8, 2006, the Criminal Response Team at the Solano County Jail conducted cell extractions and body searches of all inmates in the I-module on the fourth floor of the jail.  Plaintiff alleges that the Response Team appeared in full riot gear and assault weapon without a supervising officer.  Following this search, plaintiff claims that he discovered that his "religious gold chain and cross came up missing." (Compl. at 5.)  Plaintiff seeks the following relief:  "I would like the court's [sic] to act on helping me have the CRT replace my religious gold chain and cross." (Id.)

/////

1         The United States Supreme Court has held that "an unauthorized intentional
2 deprivation of property by a state employee does not constitute a violation of the procedural
3 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
4 postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
5 Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
6 deprivations constitute actionable violations of the Due Process Clause.  An authorized
7 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
8 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
9 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

10         In the instant case, plaintiff has not alleged any facts suggesting that the alleged
11 deprivation of property was authorized.  The California Legislature has provided a remedy for
12 tort claims against public officials in the California Government Code, §§ 900, et seq.  Since
13 plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on
14 the claim that the state deprived him of property without due process of the law.  The court
15 concludes that this claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(d).
16 In light of these findings and recommendations, the court will not rule on plaintiff's application
17 requesting leave to proceed in forma pauperis.

18         Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
19 failure to state a claim.

20         These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
22 days after being served with these findings and recommendations, plaintiff may file written
23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
25 /////
26 /////

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: October 5, 2007.

```
                              /s/ Dale A. Drozd
                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE
```

7  DAD:4
   bair2604.56